UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN AMADO,

          Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

Case No. C24-5825-SKV

ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits (DIB). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in 1970, has a high school education, and has worked as a correction officer/sheriff deputy. *See* AR 39, 51, 296, 304. Plaintiff was last gainfully employed in or around 2017. AR 260.

On February 4, 2021, Plaintiff protectively applied for benefits, alleging disability as of January 10, 2020. AR 255-56. His application was denied initially and on reconsideration, AR

103, 111, and he requested a hearing. After the ALJ conducted a hearing on February 6, 2024, AR 47-68, the ALJ issued a decision finding Plaintiff not disabled, AR 32-41.

The record also includes a prior decision finding Plaintiff not disabled dated January 9, 2020. AR 72-82. That decision became final after the Appeals Council denied Plaintiff's request for review. *See* AR 87-92. In relation to this prior decision, the ALJ observed that Plaintiff had rebutted the presumption of continuing non-disability because he changed age categories, but that there was no basis to reopen the prior claim because Plaintiff was not alleging disability prior to January 10, 2020. AR 32.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity from the alleged onset date through his December 31, 2022 date last insured.

**Step two**: Plaintiff has the following severe impairments: vestibular disorder with chronic vertigo, hypertension, obesity, and history of exposure to tuberculosis and meningitis.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity (RFC)**: Plaintiff can perform a full range of work at all exertional levels, but can never stoop, kneel, crouch, crawl, or climb; can tolerate moderate noise level activity and occasional exposure to vibration and atmospheric conditions such as fumes, odors, gases, and poor ventilation; and cannot tolerate exposure to hazards, such as unprotected heights and moving mechanical machinery.

**Step four**: Plaintiff cannot perform past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 32-41.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 2

The Appeals Council denied Plaintiff's request for review, AR 1-6, making the ALJ's decision the Commissioner's final decision.  Plaintiff appealed the final decision of the Commissioner to this Court.  Dkt. 1.  The parties consented to proceed before the undersigned Magistrate Judge.  Dkt. 2.

**LEGAL STANDARDS**

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination."  *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted).  The Court looks to "the record as a whole to determine whether the error alters the outcome of the case."  *Id*.

Substantial evidence is "more than a mere scintilla.  It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.  *Id.*

/ / /

# DISCUSSION

Plaintiff argues the ALJ erred in evaluating his symptom testimony, in the RFC assessment, and at step five. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A.   The ALJ Did Not Err in Evaluating Symptom Testimony

Absent evidence of malingering, an ALJ must provide clear and convincing reasons to discount a Plaintiff's testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). The ALJ here found Plaintiff's allegations of "incapacitating" limitations inconsistent with the minimal objective findings and the lack of treatment during the relevant period. AR 36. The ALJ, in so doing, provided clear and convincing reasons for rejecting Plaintiff's symptom testimony as to the degree of his impairment.

First, an ALJ properly considers evidence associated with a claimant's treatment, 20 C.F.R. § 404.1529(c)(3), including minimal, conservative treatment, *Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999), and unexplained or inadequately explained failure to seek or follow through with treatment, *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). Here, while acknowledging "financial constraints may make medical intervention and compliance more difficult," the ALJ observed that a lack of health insurance does not equate to a finding of disability, and found the evidence showed Plaintiff did not exhaust efforts to seek treatment, with no visits to free or subsidized clinics and no evidence of emergency room visits or hospitalizations. AR 36-37. Further, the only treatment Plaintiff received involved telephone visits with his care provider to extend insurance disability benefits and in which he merely reported his symptoms were unchanged. AR 37. He did not undergo any physical examination during the period at issue. *Id*. Plaintiff therefore "effectively . . . received no treatment for any

of his complaints during the period at issue." *Id.* Plaintiff does not identify and the Court finds no error in this reasoning.

Second, an ALJ may discount a claimant's symptom testimony upon finding it inconsistent with the objective medical evidence of record, *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022), and properly considers a claimant's inconsistent or non-existent reporting of symptoms, *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006). Plaintiff argues the ALJ's decision lacked sufficient specificity as to what testimony was rejected and failed to identify any actual examples of inconsistencies. The Court disagrees.

An ALJ's finding rejecting a claimant's testimony must be sufficiently specific to allow a court to conclude the ALJ rejected the testimony on permissible, not arbitrary grounds. *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015). "'General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.'" *Id.* (quoting *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)). Neither a mere boilerplate statement, nor a summary of the medical evidence will suffice. *Lambert v. Saul*, 980 F.3d 1266, 1277-78 (9th Cir. 2020); *Laborin v. Berryhill*, 867 F.3d 1151, 1154-55 (9th Cir. 2017). An ALJ is not, however, required to analyze the claimant's testimony line-by-line, *Lambert*, 980 F.3d at 1277, or to believe every allegation, *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021). Also, while the clear and convincing reason standard ultimately requires an ALJ to "show his work", the standard "isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt*, 53 F.4th at 499.

The ALJ here provided a detailed description of Plaintiff's symptom testimony and identified evidence inconsistent with the testimony as to the degree of his impairment. AR 36-

37. The ALJ stated, for example, that in a virtual visit shortly after the period of alleged disability began, Plaintiff appeared as alert, oriented, in no acute distress, with no neurologic focal deficits, intact cognition, and clear and coherent speech; that, in a follow-up telephone visit, he reported no change in his history or symptoms and no changes were noted with regard to his physical exam; that, in the next two telephone checkups, he again reported no change in symptoms; and that he continued to participate in six-month phone checkups after his date last insured and continued to report no change in symptoms. AR 37.

The ALJ further stated that, despite the lack of treatment, including medications, Plaintiff did not endorse any worsening of symptoms, suggesting his symptoms were stable, and that there was no evidence of any change in his symptoms or conditions since the prior ALJ decision. AR 36-37. The ALJ therefore found no new and material evidence to warrant a change in the RFC finding from the prior ALJ decision, including no worsening of Plaintiff's condition and no new condition. AR 37 (citing Acquiescence Ruling 97-4(9) (even when a claimant rebuts a presumption of continuing nondisability, ALJ must give effect to certain findings in the prior ALJ decision, including the RFC finding, "unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding.")) Also, while finding the minimal treatment records, *see* AR 373-405, did not contain any evidence warranting a change in the RFC, the ALJ slightly adjusted the language of the prior RFC finding to reflect clearer vocational terms. AR 38.

The ALJ, in sum, provided specific, clear, and convincing reasons for rejecting Plaintiff's symptom testimony. The Court finds the ALJ's interpretation of the evidence both rational and supported by substantial evidence, and therefore properly upheld.

**B.      The ALJ Did Not Err in the RFC Assessment or at Step Five**

Plaintiff asserts error in the RFC assessment because it fails to account for the full extent of his limitations.  He appears to contend that, because the ALJ found his vertigo severe and because there is medical evidence documenting this impairment, the ALJ should have incorporated all of his alleged limitations into the RFC.  He notes that the assessed restrictions of no exposure to hazards or climbing activities are precautionary only, and that the restriction of no stooping, kneeling, crouching, and crawling reflects that the ALJ credited his testimony that bending caused his vertigo symptoms.  He asserts error in that both the State agency physicians and the ALJ failed to account for any other postural actions that cause his symptoms, including looking upward, turning his body, standing too long in one position, and standing up too quickly, and in the ALJ's failure to explain why additional limitations to account for these issues were not included in the RFC.  *See* AR 36, 107, 115.  He also contends the ALJ omitted a narrative discussion indicating what limitations were caused by his vertigo and how the evidence supported the ALJ's findings, as required by Social Security Ruling (SSR) 96-8p.  Plaintiff, finally, argues the incomplete RFC resulted in an invalid hypothetical to the vocational expert (VE) and an erroneous conclusion at step five.

A step two severity finding does not necessarily imply an impairment will be found to result in functional limitations sufficiently significant to affect the ability of a claimant to perform work activities.  *See, e.g.*, *Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017) (claimant misunderstood the purpose of step two, which is "merely a threshold determination meant to screen out weak claims[,]" and "not meant to identify the impairments that should be taken into account when determining the RFC.") (citing *Bowen v. Yuckert*, 482 U.S. 137, 146-47 (1987)); *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1228-29 (9th Cir. 2009) ("Bray offers no

authority to support the proposition that severe mental impairment must correspond to limitations on a claimant's ability to perform basic work activities."); *Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 428 (6th Cir. 2007) (ALJ's finding that the limitation caused by an impairment was more than minimal at step two "was not inherently inconsistent with his finding that the limitation has 'little effect' on the claimant's ability to perform basic work-related activities.") RFC is the most a claimant can do despite limitations and is assessed based on all relevant evidence in the record. 20 C.F.R. § 404.1545(a)(1). The RFC assessment, and hypotheticals posed to the VE, need only include the limitations supported by substantial evidence. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006). They need not account for limitations the ALJ properly rejected. *See Bayliss*, 427 F.3d at 1217-18 (where hypothetical contained all limitations found "credible" and supported by substantial evidence, ALJ properly relied on testimony VE gave in response to hypothetical); *Batson v. Comm'r of the SSA*, 359 F.3d 1190, 1197 (9th Cir. 2004) (ALJ need not include in the RFC assessment properly discounted opinion evidence or claimant testimony). Moreover, the "final responsibility" for determining a claimant's RFC "is reserved to the Commissioner." 20 C.F.R. § 404.1527(d)(2).

Plaintiff does not demonstrate error in the RFC assessment. The ALJ was not required to adopt all of the limitations Plaintiff alleged simply because he found Plaintiff's vertigo severe at step two, and provided clear and convincing reasons, supported by substantial evidence, for discounting Plaintiff's symptom testimony. Plaintiff further fails to identify any error in the ALJ's assessment of the medical opinion evidence, or in his discussion of the medical evidence of record. *See Bayliss*, 427 F.3d at 1217-18 ("In making his RFC determination, the ALJ took into account those limitations for which there was record support that did not depend on Bayliss's subjective complaints. Preparing a function-by-function analysis for medical

conditions or impairments that the ALJ found neither credible nor supported by the record is unnecessary.") (citing SSR 96-8p).  Finally, because Plaintiff does not demonstrate error in the assessment of his symptom testimony, the medical evidence, or the RFC assessment, he likewise fails to demonstrate error by merely restating his argument in relation to the VE hypothetical and conclusion at step five.  *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 15th day of July, 2025.

S. KATE VAUGHAN
United States Magistrate Judge